By the Court,

Savage, Ch. J.
It is insisted by the defendants, that as the ca. sa. was voidable only, and not absolutely void, trespass is not the proper form of action to which the plaintiff ought to have resorted in this case. It has been settled by the decisions of this court, that the issuing of a ca. sa. in an action in which special bail had been filed, previous to the suing out and return of a fi.fa., is irregular, and may be set aside on the application of the defendant. The defendant alone, however, can take advantage of the irregularity. If bail are sued after the return of such a ca. sa., it is no defence to them that a Jñ.fa. had not been previously issued. So if the sheriff is sued for an escape of a person confined upon a ca. sa. so issued, it is no answer for him to say that the ca. sa. was irregularly sued out; and the reason is, that it is optional with the defendant in the ca. sa. to consider it regular or not; it is voidable at his election. It is not therefore void, but is a justification to the officer, and to the party also until set aside. It is true, as contended by the defendants, that when the arrest was made, no trespass was in fact committed ; but the doctrine of trespass by relation is as well settled as any in the law, at least since the Six Carpenters’ case. When the ca. sa. was set aside for irregularity, it ceased to be a justification to the parties guilty of the irregularity; as to them it is void and as if it had never existed. The arrest therefore by relation became void and without authority, and the action of *trespass was the proper action. The judge therefore decided correctly in refusing to nonsuit the plaintiff on the objection to the form of action. On the motion to set aside the ca. sa., the fact that notice of bail had been given must have been shown, 6 Cowen, 608 ; at all events, it was a matter not inquirable into on the trial of this cause.
The other point made upon the argument is equally untenable. Whether the plaintiff had assigned the damages to be recovered in this suit to another *34 or not was immaterial. The questions were whether the defendants had been guilty of a tresspass ; and if so, what damages ought they to pay. It was not pretended that the consideration paid for the assignment was paid by the defendants ; there was no pretence of an accord and satisfaction; there was no reason offered to the court why the plaintiff should not recover, and the defendants pay the damages which the plaintiff had sustained. Whether those damages are to be received by Chapman or Taiman can make no difference to the defendants. They are to atone for the violation of the law of which they have been guilty ; the consideration paid by Taiman to Chapman constitutes no such atonement. Whether such a case of action is assignable is not now a question ; but whether it is or is not, the suit must be in the name of Chapman.
New trial denied.